IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

DANNY TIM HESTER, )
)
    Plaintiff, )
)
v. ) CIVIL ACTION NO.: CV214-056
)
CAROLYN W. COLVIN, Acting )
Commissioner of Social Security, )
)
    Defendant. )

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff contests the decision of Administrative Law Judge John R. Mason ("the ALJ" or "ALJ Mason") denying his claim for a period of disability, disability insurance benefits, and Supplemental Security Income. Plaintiff urges the Court to reverse the ALJ's decision and remand the case with instructions to award benefits or, alternatively, to conduct further administrative proceedings. Plaintiff also requests an award of attorney's fees. Defendant asserts that the Court should affirm the decision of the Commissioner of Social Security ("the Commissioner").

Plaintiff protectively filed an application for a period of disability, disability insurance benefits, and Supplemental Security Income on November 22, 2011, alleging that he became disabled on October 29, 2011, due to a broken left femur close to his hip. (Doc. 16, p. 1). After his claim was denied initially and upon reconsideration, Plaintiff filed a timely request for a hearing. (See id.) On February 8, 2013, ALJ Mason conducted a video hearing at which Plaintiff, who was represented by counsel,

appeared and testified. (Tr. at 310, 314–34, 336–37). Ronald Spitznagel, a vocational expert ("the VE"), also testified at the hearing. (Tr. at 335–42). ALJ Mason found that Plaintiff was not disabled within the meaning of the Social Security Act. (Tr. at 24). The Appeals Council denied Plaintiff's request for review of the ALJ's decision, and the ALJ's decision became the final decision of the Commissioner for judicial review. (Tr. at 3).

Plaintiff, born on January 17, 1965 (Tr. at 89), was forty-eight years old when ALJ Mason issued his final decision. He has an eighth grade education. (Tr. at 314). Plaintiff's past relevant work experience includes employment as a concrete worker, concrete rubber, and tire repairer. (Tr. at 21).

## ALJ'S FINDINGS

Pursuant to the Social Security Act, the Commissioner has established a five-step process to determine whether a person is disabled. 20 C.F.R. §§ 404.1520, 416.920; Bowen v. Yuckert, 482 U.S. 137, 140 (1987). The first step looks to whether the claimant is engaged in "substantial gainful activity." Yuckert, 482 U.S. at 140. If the claimant is engaged in substantial gainful activity, then benefits are immediately denied. Id. If the claimant is not engaged in such activity, then the second inquiry is whether the claimant has a medically severe impairment or combination of impairments. Id. at 140–41. If the claimant's impairment or combination of impairments is severe, then the evaluation proceeds to step three. The third step requires a determination of whether the claimant's impairment meets or equals one of the impairments listed in the Code of Federal Regulations and acknowledged by the Commissioner as sufficiently severe to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(d), 416.920(d); 20 C.F.R.

2

Pt. 404, Subpt. P. App. 1; Phillips v. Barnhart, 357 F.3d 1232, 1238 (11th Cir. 2004). If the impairment meets or equals one of the listed impairments, then the claimant is presumed disabled. Yuckert, 482 U.S. at 141. If the impairment does not meet or equal one of the listed impairments, then the sequential evaluation continues to the fourth step to assess whether the impairment precludes the claimant from performing past relevant work. Id. If the claimant is unable to perform his past relevant work, then the final step of the evaluation process examines whether he is able to make adjustments to other work in the national economy, considering his age, education, and work experience. Phillips, 357 F.3d at 1239. Disability benefits will be awarded only if the claimant is unable to perform other work. Yuckert, 482 U.S. at 142.

ALJ Mason followed this sequential evaluation process, finding at step one that Plaintiff had not engaged in substantial gainful activity since his alleged onset date of October 29, 2011. (Tr. at 16). At step two, the ALJ determined that Plaintiff had a medically severe impairment of "[s]tatus post fracture of the left femur" (id.),[1] which the ALJ concluded did not meet or medically equal a listed impairment at step three (Tr. at 18). According to ALJ Mason, Plaintiff had the residual functional capacity, through the date of his decision, to perform sedentary work that is not hazardous, involves no contact with the public and only nonintensive contact with coworkers, provides verbal instructions, and requires no written work product. (Tr. at 18–19). At the fourth step,

---

[1] ALJ Mason also indicated that Plaintiff had two medically determinable nonsevere impairments—pain/possible Avascular Necrosis of the right hip and depression—as well as one nonmedically determinable impairment of possible alcohol or drug dependency. (Tr. at 16–18). The undersigned notes that the ALJ erred in repeatedly referring to Plaintiff's right hip, as the medical record and Plaintiff's brief reflects that Plaintiff's pain actually occurs in his left hip, just above the location of his femur fracture. (See, e.g., Tr. at 264, 324; Doc. 16, p. 3). After due consideration, however, it appears that the ALJ's error is harmless, because the location of the hip impairment would not have changed the ALJ's conclusions as to the impairment's duration, severity, failure to meet a listing, and limitation of Plaintiff's functionality. See 20 C.F.R. §§ 404.1520(c)–(g), 416.920(c)-(g); see also 20 C.F.R. Pt. 404, Subpt. P. App. 1, §§ 1.00B2b, 1.00C1, 1.02, 1.06; 20 C.F.R. §§ 404.1526, 416.926.

ALJ Mason noted Plaintiff was unable to perform his past relevant work as a concrete worker, concrete rubber, and tire repairer. (Tr. at 25). Proceeding to the fifth and final step, the ALJ determined that given Plaintiff's age, education, work experience, and residual functional capacity, Plaintiff could perform the following jobs existing in the national economy: assembler, lampshade assembler, and table worker/assembler. (Tr. at 22–23).

## ISSUES PRESENTED

Plaintiff presents the following issues to the Court: 1) whether the ALJ's determination of Plaintiff's residual functional capacity is supported by substantial evidence and 2) whether the ALJ properly relied on the VE's testimony to demonstrate that Plaintiff could adjust to other work in the national economy.

## STANDARD OF REVIEW

It is well-established that judicial review of social security cases is limited to questions of whether the factual findings of the Commissioner are supported by "substantial evidence" and whether the Commissioner has applied appropriate legal standards. Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991); Martin v. Sullivan, 894 F.2d 1520, 1529 (11th Cir. 1990). A reviewing court does not "decide facts anew, reweigh the evidence or substitute" its judgment for that of the Commissioner. Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005). Even if the evidence preponderates against the Commissioner's factual findings, the court must affirm a decision supported by substantial evidence. Id.

However, substantial evidence must do more than create a suspicion of the existence of the fact to be proved. The evidence relied upon must be relevant evidence

AO 72A
(Rev. 8/82)

that a reasonable mind would find adequate to support a conclusion. Walden v. Schweiker, 672 F.2d 835, 838-39 (11th Cir. 1982). The substantial evidence standard requires more than a scintilla, but less than a preponderance, of evidence. Dyer, 395 F.3d at 1210. In its review, the court also must determine whether the ALJ or the Commissioner applied appropriate legal standards. Failure to delineate and apply the appropriate standards mandates that the findings be vacated and remanded for clarification. Cornelius, 936 F.2d at 1146.

## DISCUSSION AND CITATION TO AUTHORITY

### I. The ALJ's Determination of Plaintiff's Residual Functional Capacity

Plaintiff asserts that there is not substantial evidence to support ALJ Mason's determination that Plaintiff had a residual functional capacity to perform sedentary work. (Doc. 16, p. 5). Specifically, Plaintiff contends that the ALJ failed to obtain any opinion from a treating source regarding Plaintiff's functional limitations, despite the record evidence that Plaintiff sought treatment for left hip pain with Dr. Ralph Cavalier ("Dr. Cavalier") and at the Henri C. Woodman Community Clinic ("Woodman Clinic"). (Id. at pp. 5-6). Plaintiff also avers that the ALJ's decision does not mention the statement of a Woodman Clinic provider advising Plaintiff to "seek disability," which Plaintiff believes suggests that the ALJ failed to consider this probative evidence regarding Plaintiff's limitations. (Id. at p. 6). Plaintiff further notes that the ALJ rejected the opinions of the nonexamining State agency physicians and that the record remaining before the ALJ reflected Plaintiff's ongoing complaints of hip pain, Dr. Cavalier's treatment notes prescribing pain medication and considering a referral for total hip replacement, and the Woodman Clinic provider's advice to "seek disability." (Id. at p. 7). Such a record,

Plaintiff concludes, lacks substantial evidence upon which the ALJ could find that Plaintiff had the residual functional capacity to meet the demands of sedentary work. (Id. at pp. 5, 7).[2]

Contrary to Plaintiff's first assertion, ALJ Mason was not required to obtain an opinion from a treating source concerning Plaintiff's functional limitations. A claimant has the burden of proving his disability and therefore must furnish medical evidence in support of his claim. Ellison v. Barnhart, 355 F.3d 1272, 1276 (11th Cir. 2003) (citing 20 C.F.R. § 416.912(a), (c)); 20 C.F.R. § 404.1512(a), (c) ("You must provide medical evidence showing that you have an impairment(s) and how severe it is during the time you say that you are disabled . . . and any other information that we need to decide your claim."). While the ALJ has a basic obligation to develop a full and fair record, this obligation extends only to the claimant's medical history for the twelve months prior to filing his application for benefits; the ALJ is not bound to develop the medical record for the period following the claimant's filing. Ellison, 355 F.3d at 1276 (citing 20 C.F.R. § 416.912(d)); 20 C.F.R. § 404.1512(d).

Because Plaintiff filed his application for disability insurance benefits and Supplemental Security Income on November 22, 2011 (Doc. 16, p. 1), ALJ Mason had a duty to develop Plaintiff's medical history for the twelve months prior to November 2011. See 20 C.F.R. §§ 404.1512(d), 416.912(d). Plaintiff does not allege that ALJ Mason

---

[2] It is unclear exactly how Plaintiff believes that the ALJ erred with regard to the State agency physicians' opinions. Plaintiff states at the outset of his argument that the ALJ's determination of residual functional capacity is not supported by substantial evidence, in part because the ALJ rejected the opinions of the nonexamining State agency physicians (Doc. 16, p. 5); however, Plaintiff fails to expand upon this proposition. Given that the State agency physicians opined that Plaintiff could perform medium-level work (Tr. at 44, 52), which is more strenuous than sedentary work, it is doubtful that Plaintiff now intends to argue that the ALJ's rejection of those opinions was erroneous. Rather, it appears that Plaintiff is attempting to allege that because the ALJ properly rejected the State agency physicians' opinions, the ALJ's subsequent finding as to Plaintiff's residual functional capacity was erroneous.

6

failed to fulfill this duty; indeed, Plaintiff asserts that the ALJ failed to obtain opinions regarding Plaintiff's treatment for hip pain with Dr. Cavalier on January 26, 2012, and May 17, 2012 (Tr. at 261-62), and at the Woodman Clinic on November 21, 2012 (Tr. at 264). (See Doc. 16, pp. 5-7). ALJ Mason was not bound to develop Plaintiff's medical record for the period after the November 2011 filing and therefore did not need to obtain opinions regarding Plaintiff's treatment in 2012. Rather, Plaintiff had the responsibility of providing the ALJ with all medical evidence concerning his hip impairment.

The undersigned also rejects Plaintiff's argument that the ALJ erred in failing to mention the statement of the Woodman Clinic provider advising Plaintiff to "seek disability." Plaintiff cites Cowart v. Schweiker, in which the Court of Appeals for the Eleventh Circuit considered the ALJ's obligation to carefully weigh the evidence:

> What is required is that the ALJ state specifically the weight accorded to each item of evidence and why he reached that decision. In the absence of such a statement, it is impossible for a reviewing court to determine whether the ultimate decision on the merits of the claim is rational and supported by substantial evidence.

662 F.2d 731, 735 (11th Cir. 1981). More recently, however, the Eleventh Circuit has determined that

> there is no rigid requirement that the ALJ specifically refer to every piece of evidence in his decision, so long as the ALJ's decision . . . is not a broad rejection which is "not enough to enable [the Court] to conclude that [the ALJ] considered [the claimant's] medical condition as a whole." Our standard of review is . . . whether the ALJ's conclusion as a whole was supported by substantial evidence in the record.

Dyer, 395 F.3d at 1211 (second alteration in original) (citations omitted) (quoting Foote v. Chater, 67 F.3d 1553, 1561 (11th Cir. 1995)).

In his decision, ALJ Mason discussed the general significance of the Woodman Clinic treatment summaries. (See Tr. at 20). The ALJ observed that the treatment

summaries "reveal [that Plaintiff] presented to the Woodman [ ] Clinic with complaints of continued hip and back pain" and "reported needing a hip replacement." (Id.). The ALJ also remarked that according to the treatment summaries, the Woodman Clinic did not prescribe Plaintiff any pain medication and Plaintiff "did not return to the clinic following the three aforementioned appointments." (Tr. at 21). While ALJ Mason did not refer specifically to the statement advising Plaintiff to "seek disability," the ALJ's general discussion of the Woodman Clinic summaries is enough to enable the Court to conclude that the ALJ considered Plaintiff's condition as a whole.

Finally, even viewing the nonexamining State agency physicians' opinions as discredited, substantial evidence remains to support the ALJ's conclusion that Plaintiff had the residual functional capacity to perform sedentary work with certain limitations.

> Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met.

20 C.F.R. § 404.1567(a). ALJ Mason added the following limitations: the work must be nonhazardous, involve no contact with the public and only nonintensive contact with coworkers, provide verbal instructions, and require no written work product. (Tr. at 18–19).

As the ALJ noted, the medical evidence shows that Plaintiff's fractured femur has healed and that Plaintiff suffers from residual pain in his left hip, likely due to preexisting Avascular Necrosis, but this evidence does not address how Plaintiff's residual pain limits his functionality. (Tr. at 261–62, 264). Plaintiff's own testimony, however, reveals that he is capable of lifting about ten or fifteen pounds at a time and occasionally, but

8

not constantly, lifting and carrying articles of this weight. (Tr. at 323–24). Plaintiff also stated that he can sit for approximately thirty minutes before needing to shift, walk without using a cane for about a block before needing to rest, and stand in one place for about fifteen or twenty minutes before experiencing pain. (Tr. at 322, 325–26). According to Plaintiff, he becomes "ill-mannered and short with people" when he is in pain. (Tr. at 332). Plaintiff further testified that he is able to read at a second- or third-grade level, can sign his name but not write a letter, and "do[es not] have the education to go out and go get a job sitting, answering a phone." (Tr. at 315, 329). Because the medical evidence and Plaintiff's testimony indicate that Plaintiff is capable of performing the requirements of sedentary work subject to the ALJ's specific limitations, the ALJ's determination of Plaintiff's residual functional capacity is supported by substantial evidence.

## II. The ALJ's Reliance on the VE's Testimony

Plaintiff also contends that ALJ Mason erred in relying on the VE's testimony to demonstrate that Plaintiff could adjust to other work in the national economy and therefore was not disabled at step five. (Doc. 16, p. 7). Plaintiff maintains that the VE's testimony regarding Plaintiff's ability to perform other jobs did not constitute substantial evidence, because the testimony was premised on an incomplete hypothetical question. (Id.). Plaintiff reasons that ALJ Mason, having erred in determining Plaintiff's residual functional capacity, posed a hypothetical question to the VE that did not comprise all of Plaintiff's impairments and limitations. (Id. at pp. 7–8).

In the fifth step of the evaluation process, an ALJ "must articulate specific jobs that the claimant is able to perform, and this finding must be supported by substantial

AO 72A
(Rev. 8/82)

evidence." Wilson v. Barnhart, 284 F.3d 1219, 1227 (11th Cir. 2002) (citing Allen v. Sullivan, 880 F.2d 1200, 1201 (11th Cir. 1989)). A vocational expert's testimony constitutes substantial evidence only if the ALJ "pose[s] a hypothetical question which comprises all of the claimant's impairments." Id.; see also Pendley v. Heckler, 767 F.2d 1561, 1562 (11th Cir. 1985) ("[U]nless there was vocational expert testimony concerning the availability of jobs for a person with the claimant's educational level, work skills and experience and physical limitations, the decision of the ALJ, based significantly on the expert testimony, would be unsupported by substantial evidence."). The ALJ's hypothetical question, however, need not include impairments and limitations that the ALJ has properly rejected as lacking support in the record. Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1161 (11th Cir. 2004); see also McSwain v. Bowen, 814 F.2d 617, 620 n.1 (11th Cir. 1987).

ALJ Mason's hypothetical question asked the VE to assume that an individual is forty-eight years old, has a seventh-grade education, has experience as a concrete worker and tire repairer, and has the residual functional capacity to perform at the sedentary level with the limitations listed supra. (Tr. at 335–38). Based on this hypothetical, the VE testified that the individual could perform the work of an assembler, a lampshade assembler, and a table worker. (Tr. at 338–39). Significantly, Plaintiff does not dispute that the ALJ's hypothetical question to the VE accurately conveyed Plaintiff's age, education, work experience, and the ALJ's determination of Plaintiff's residual functional capacity; rather, Plaintiff avers that the ALJ's residual functional capacity determination itself was erroneous and thus undermined the accuracy of the hypothetical question.

AO 72A
(Rev. 8/82)

Contrary to Plaintiff's argument, the ALJ's residual functional capacity determination is supported by substantial evidence for the reasons discussed supra. Consequently, the ALJ's hypothetical question based on that determination encompassed all of Plaintiff's functional abilities and limitations. While Plaintiff alleged additional limitations beyond the ALJ's determination of residual functional capacity, the ALJ had properly discounted these limitations as unsupported in the record. (See Tr. at 23 ("The undersigned rejects the allegations that the claimant would need a five-minute break approximately every hour and would be absent two to three days per month due to depression or pain because the medical evidence of record does not support the allegations.")). Because ALJ Mason's hypothetical question thus comprised all of Plaintiff's determined impairments, the VE's testimony regarding Plaintiff's ability to perform certain jobs constitutes substantial evidence supporting the ALJ's conclusion that Plaintiff could perform other work in the national economy.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that the decision of the Commissioner be **AFFIRMED**.

So **REPORTED** and **RECOMMENDED**, this 23rd day of December, 2014.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)